IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACOB DONAHOE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ESURANCE INSURANCE COMPANY, an Illinois company;<br><br>Defendant. | 8:22CV260<br><br>ORDER |

    This matter is before the Court on Defendant's Motion to Modify Progression Order and Extend Discovery and Expert Designation Deadlines (Filing No. 48) and Plaintiff's Motion in Limine (Filing No. 46). For the reasons explained below, the Motion to Modify Progression Order will be granted and the Motion in Limine will be denied.

## BACKGROUND

    Plaintiff filed this suit on July 19, 2022, alleging claims for breach of contract and breach of the covenant of good faith and fair dealing. (Filing No. 1.) Plaintiff asserted in his initial complaint that Defendant wrongfully and in bad faith delayed/denied payment under an insurance policy for property damage Plaintiff sustained on or about August 15, 2017. (Filing No. 1.) Plaintiff subsequently filed four amended complaints. The Fourth Amended Complaint asserted claims that Allstate Insurance Company ("Allstate") was also responsible for the insurance policy issued by Defendant. (Filing No. 13.) The parties thereafter engaged in motion practice related to Allstate's involvement, and Allstate was ultimately dismissed from this suit on May 10, 2023. (Filing No. 35.)

On April 7, 2023, before Allstate's dismissal, a Progression Order was entered. (Filing No. 33.) The Progression Order stated that the deadline for identifying expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and Federal Rule of Civil Procedure 26(a)(2)(C) was August 7, 2023 for Plaintiff, and September 5, 2023 for Defendant. (Filing No. 33.) The deadline for complete expert disclosures for all experts expected to testify at trial was September 5, 2023 for Plaintiff and October 4, 2023 for Defendant. (Filing No. 33.) The written discovery deadline was set as July 28, 2023. (Filing No. 33.)

On June 29, 2023, Plaintiff filed a Fifth Amended Complaint, alleging a new date of loss giving rise to Plaintiff's claim. (Filing No. 39.) Plaintiff's first four complaints identified the date of loss as August 15, 2017. (Filing No. 1; Filing No. 2; Filing No. 4, Filing No. 13.) However, the Fifth Amended Complaint alleged that Plaintiff's date of loss was June 29, 2017. Defendant filed a Motion to Dismiss Plaintiff's Fifth Amended Complaint on July 19, 2023. (Filing No. 40.) The Motion to Dismiss was denied on September 20, 2023. (Filing No. 44.) Defendant filed its Answer to the Fifth Amended Complaint on October 3, 2023. (Filing No. 45.) Defendant served discovery requests upon Plaintiff on October 6, 2023.

On October 9, 2023, Plaintiff filed his Motion in Limine requesting that the Court exclude any potential expert opinions of any experts offered by Defendant. (Filing No. 46.) As grounds for the requested relief, Plaintiff argues Defendant has not produced its Federal Rule of Civil Procedure 26 expert disclosures or accompanying reports, and the deadlines for it to do so under the Progression Order have expired. (Filing No. 46.) On October 23, 2023, Defendant filed the its Motion to Modify, requesting that the Court extend the discovery and expert designation deadlines set in the Progression Order.

## DISCUSSION

Defendant seeks an extension of the already-expired discovery and expert disclosure deadlines set in the Progression Order. Federal Rule of Civil Procedure 16 allows for modifying scheduling orders "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Gilliland v. Harley-Davidson Motor Co. Group, LLC*, No. 8:12CV384, 2015 WL 1650265, at *3 (D. Neb. April 14, 2015) (quotation omitted). "In addition to the good cause

2

requirement, on motion made after the time has expired, the court may extend time if the party failed to act because of excusable neglect." *Id*. (citing Fed. R. Civ. P. 6(b)(1)(B)). "Excusable neglect encompasses four factors: prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay." *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019).

Given the passage of the Rule 26(a) expert disclosure deadlines, Plaintiff requests that Defendant be barred from presenting testimony from any experts Defendant ultimately discloses. Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, *unless* the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). In determining whether a Rule 26 violation is justified or harmless, courts consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Roderick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1096-97 (8th Cir. 2012).

In addition to these factors, "[i]n determining whether to exclude the testimony of a witness not made in compliance with a pretrial order . . . courts have also considered the reason for the failure, importance of the witness's testimony, and the opposing party's need for time to prepare for the testimony." *Hillesheim v. O.J.'s Cafe, Inc.*, No. 8:17CV239, 2018 WL 4190053, at *2 (D. Neb. Aug. 31, 2018). If a party fails to provide information or identify a witness in compliance with Federal Rule of Civil Procedure 26(a) or (e), "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). "[T]he district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Id*. "[E]xclusion of evidence is a harsh penalty and should be used sparingly." *Id*. (quotation omitted).

Given the timeline of events in this case, the Court finds good cause to extend the Progression Order deadlines and, correspondingly, deny Plaintiff's Motion in Limine. The Court believes Defendant acted diligently to meet the Progression Order deadlines, but that the

3

occurrence and timing of certain events in this case impacted case progression. From the onset of this litigation, the parties have been actively engaged in motion practice. Three motions to dismiss have been filed. Additionally, four amended complaints have been filed. The content and timing of the Fifth Amendment Complaint particularly provides justification for extension of progression deadlines. The Fifth Amended Complaint, which was filed less than thirty days before expiration of the discovery deadline, changed the alleged date of loss from August 15, 2017 to June 29, 2017. Rather than conduct discovery related to this new allegation immediately, Defendant elected to file a Motion to Dismiss the Fifth Amended Complaint, which it had the right to do. By the time the Motion to Dismiss had been ruled upon, the discovery deadline had passed. Defendant then filed its Answer and, three days later, served discovery requests. Given the sequence of events, modification of the Progression Order to conduct additional discovery was not immediately raised. Defendant's failure to do so is excusable under the circumstances. Despite the passage of the discovery deadline, fairness dictates that Defendant be given time to conduct additional discovery.

Defendant's expert witness identification deadline also expired during the pendency of the Motion to Dismiss. Defendant could have sought modification of the Progression Order before expiration of the deadline. However, the Court does not believe Defendant was not diligent or was inexcusably neglectful by failing to do so or by not identifying experts during the pendency of the Motion to Dismiss. Defendant's decision to delay making its disclosures was understandable, and not done in bad faith. As this Court has recognized, one purpose of a motion to dismiss is to spare litigants unnecessary pretrial activity. *See* [Cronin v. Peterson, 288 F. Supp.3d 970, 981 (D. Neb. 2018)](#) ("[D]ismissal under Fed. R. Civ. P. 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity"). Obviously, had the Motion to Dismiss been granted, time and money expended related to experts would have been wasted. Further, the change of the alleged date of loss in the Fifth Amended Complaint could potentially have impacted Defendant's decisions regarding experts. Once Defendant filed its Answer to the Fifth Amended Complaint, it immediately sought discovery to move forward with this case, but Plaintiff's Motion in Limine followed three days later.

Based on the above, the Court finds Defendant's failure to identify experts by the deadline set in the Progression Order was substantially justified and harmless. Plaintiff will not be

prejudiced by allowing Defendant to present expert testimony as a trial date has not been set and the extension of certain case progression deadlines will cure any perceived prejudice. Also, as explained above, the reason for Defendant's delay identifying experts and producing reports is understandable under the circumstances of this case. Further, exclusion of expert testimony would be an unduly harsh sanction, especially considering the subject matter of this action.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Modify Progression Order and Extend Discovery and Expert Designation Deadlines (Filing No. 48) is granted.
2. Plaintiff's Motion in Limine (Filing No. 46) is denied.
3. The parties shall confer and submit a proposed progression schedule to bazis@ned.uscourts.gov by 12:00 p.m. on January 26, 2024.
4. A status conference will be set in the revised progression order.

Dated this 18th day of January, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge